IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:07-CR-11-D

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>JIMMY EDWARDS, JR., )<br>)<br>Defendant. ) | **ORDER** |

On August 6, 2007, pursuant to a written plea agreement, Jimmy Edwards, Jr. ("Edwards") pleaded guilty to possession with intent to distribute cocaine and marijuana (count two), and being a felon in possession of a firearm (count three). See [D.E. 1, 22, 23]. On November 20, 2007, the court held Edwards's sentencing hearing. See [D.E. 32, 33]. At the hearing, the court adopted the facts set forth in the Presentence Investigation Report ("PSR"). See Fed. R. Crim. P. 32(i)(3)(A)-(B). The court calculated Edwards's total offense level to be 30, his criminal history category to be VI, and his advisory guideline range to be 168 to 210 months' imprisonment. See Resentencing Report. After thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Edwards to 180 months' imprisonment on count two and 120 months' imprisonment on count three. See id.; [D.E. 33, 53]. Edwards did not appeal.

On May 4, 2015, Edwards moved for a sentence reduction under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 782. See [D.E. 47]. On November 18, 2015, Edwards filed a memorandum of law in support of his motion for a sentence reduction [D.E. 49]. Edwards's new advisory guideline range on count two is 151 to 188 months' imprisonment, based on a total offense level of 29 and a criminal history category of VI. See Resentencing Report. Edwards requests a

160-month sentence on count two. See [D.E. 49] 1.

The court has discretion to reduce Edwards's sentence under Amendment 782. See, e.g., Dillon v. United States, 560 U.S. 817, 827 (2010); United States v. Peters, 843 F.3d 572, 574 (4th Cir. 2016); United States v. Patterson, 671 F. App'x 105, 105–06 (4th Cir. 2016) (per curiam) (unpublished); United States v. Cole, 618 F. App'x 178, 178–79 (4th Cir. 2015) (per curiam) (unpublished); United States v. Thomas, 546 F. App'x 225, 225–26 (4th Cir. 2013) (per curiam) (unpublished); United States v. Perez, 536 F. App'x 321, 321 (4th Cir. 2013) (per curiam) (unpublished); United States v. Smalls, 720 F.3d 193, 195–97 (4th Cir. 2013); United States v. Mann, 709 F.3d 301, 306–07 (4th Cir. 2013); United States v. Stewart, 595 F.3d 197, 200 (4th Cir. 2010). In deciding whether to reduce Edwards's sentence, the court finds that Edwards engaged in serious criminal behavior. See PSR ¶¶ 6–10. Moreover, Edwards is a recidivist and has convictions for possession marijuana (two counts), trafficking cocaine (four counts), and possession with intent to sell and deliver marijuana. See id. ¶¶ 13–25. Edwards also has a spotty work history. See id. ¶¶ 34–39. Nonetheless, Edwards has taken some positive steps while incarcerated on his federal sentence. See Resentencing Report; cf. Pepper v. United States, 562 U.S. 476, 491 (2011).

Having reviewed the entire record and all relevant policy statements, the court finds that Edwards received the sentence that was "sufficient, but not greater than necessary" under 18 U.S.C. § 3553(a). Further reducing Edwards's sentence would threaten public safety in light of his serious criminal conduct and serious criminal history. Cf. U.S.S.G. § 1B1.10, cmt. n.1(B)(ii). Thus, the court denies Edwards's motion for reduction of sentence under Amendment 782. See, e.g., Patterson, 671 F. App'x at 105–06; Cole, 618 F. App'x at 178–79; Thomas, 546 F. App'x at 225–26; Perez, 536 F. App'x at 321.

In sum, the court DENIES Edwards's motions for reduction of sentence [D.E. 47, 53].

SO ORDERED. This 25 day of April 2018.

                                              JAMES C. DEVER III
                                              Chief United States District Judge